UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWIN D.,

                      Plaintiff,

v.                                                                                      CASE # 1:20-CV-00794

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER<br>  Counsel for Plaintiff<br>6000 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>JUSTIN D. JONES, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JESSAMYN L. HANNA, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.      RELEVANT BACKGROUND

    A.      Factual Background

Plaintiff was born on August 3, 1966 and has a high school education. (Tr. 261). Generally, plaintiff's alleged disability consists of HIV, chronic back pain, depression, migraines, and stroke. (Tr. 265).

    B.      Procedural History

On May 10, 2013, plaintiff applied for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 249). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On December 9, 2015, plaintiff appeared before ALJ Sharon Seeley. (Tr. 125). On April 22, 2016, ALJ Seeley issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7). The Appeals Council (AC) denied plaintiff's request for review on August 28, 2017, and plaintiff then filed a civil action in this Court seeking judicial review of the Commissioner's decision. (Tr. 1, 877-78). After oral argument, the Court remanded the case for further proceedings. (Tr. 908-09). Plaintiff appeared for an administrative hearing before ALJ Timothy McGuan on November 19, 2019. (Tr. 826). ALJ McGuan issued an unfavorable decision on March 3, 2020. (Tr. 798). Plaintiff then commenced this action.

    C.      The ALJ's Decision

Generally, in his decision, the ALJ McGuan made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since May 10, 2013, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: status post transient ischemic attacks ("TIA"), degenerative disc disease of the lumbar spine with lumbago and radiculopathy,

    depressive disorder, impulse control disorder, and substance abuse disorder. (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can sit, stand and walk up to six hours in an eight-hour day; the claimant requires a sit stand option at will, or at least one hour at time; lift up to 20 pounds occasionally and ten pounds frequently; the claimant can occasionally climb stairs and ramps, but no ladders, ropes or scaffolds; the claimant occasionally interact with public; and the claimant can perform simple unskilled work, that is routine in nature with no more than occasional changes in work setting.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on August 3, 1966 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 10, 2013, the date the application was filed (20 CFR 416.920(g)).

(Tr. 798-818).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff first argues the ALJ erred by failing to evaluate opinion evidence, not assigning controlling weight to any opinion, and instead relying on his own interpretation of the medical record to determine plaintiff's RFC, including a sit/stand option. Plaintiff's next argument is the

ALJ specifically erred in weighting the opinion of plaintiff's treating nurse practitioner. (Dkt. No. 14 [Pl.'s Mem. of Law]).

### B. Defendant's Arguments

Defendant responded that the ALJ appropriately considered the opinion evidence and the RFC is supported by substantial evidence. (Dkt. No. 17 [Def.'s Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.     ANALYSIS

Plaintiff asserts the ALJ's failure to give any medical opinion of record controlling weight resulted in him using lay judgment to determine plaintiff's mental and physical RFC and supports his argument with case law where the record contained no medical opinion evidence. However, in his legal memorandum plaintiff concedes that ALJ McGuan considered several opinions and accorded some partial weight. (Dkt. No. 14 at 17-18). In the Second Circuit, an ALJ's conclusion need not perfectly correspond with any of the opinions of medical sources cited in his decision. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).

Because plaintiff's claim was filed before March 27, 2017, the ALJ was required to apply the treating physician rule, under which a treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2). Under the treating physician rule, if the ALJ declines to afford controlling weight to a treating physician's medical opinion, he must consider various factors to determine how much weight to give to the opinion. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted). An ALJ's failure to explicitly apply the requisite factors is a procedural error. *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (quotation omitted).

Whatever weight the ALJ assigns to the treating physician's opinion, he must give good reasons in his notice of determination or decision for the weight he gives to the treating source's medical opinion. 20 C.F.R. § 404.1527(c)(2); *see also Harris v. Colvin*, 149 F. Supp. 3d 435, 441 (W.D.N.Y. 2016) ("A corollary to the treating physician rule is the so-called 'good reasons rule,' which is based on the regulations specifying that 'the Commissioner "will always give good reasons" ' for the weight given to a treating source opinion." (quoting *Halloran*, 362 F.3d at 32)).

Those good reasons must be supported by the evidence in the case record and must be sufficiently specific. *Harris*, 149 F. Supp. 3d at 441 (internal quotation marks omitted). Here, ALJ McGuan meticulously referenced the extensive medical opinion evidence and declined to give controlling or great weight to any of the opinions but did accord partial weight to some.

In his analysis of plaintiff's physical RFC, the ALJ discussed plaintiff's history of TIAs in May 2013, February 2014, and July 2016, but also noted that each of these episodes had resolved quickly with minimal residual symptoms. (Tr. 809-10 *referring to* 384-85, 559-60, 1541-42). Plaintiff's primary care providers examined plaintiff in November 2016, after all three TIAs, and found full (5/5) motor strength in all four extremities. (Tr. 1256). The ALJ also discussed plaintiff's lumbar disc disease and radiculopathy and acknowledged plaintiff's allegations that his back pain was aggravated by a fall from a curb in July 2014. (Tr. 810-11 *referring to* 498-500, 501-03, 527-32). The ALJ noted, however, that a magnetic resonance imaging (MRI) study performed in September 2014, after plaintiff's fall, showed only disc bulging at L4-5, with no evidence of foraminal narrowing, compression fracture, or spondylolysis. (Tr. 811 *referring to* 510). Additionally, the ALJ discussed clinical examination findings from throughout the relevant period, which generally showed some tenderness in the lumbar spine, reduced lumbar range of motion, and reduced sensation in the left lower extremity, but also revealed a normal gait during most treatment visits, full or nearly full muscle strength in the lower extremities, and normal coordination. (Tr. 810-11 *referring to* 473, 502, 571, 575, 579, 1227, 1234, 1242, 1250-51, 1256, 1262-63, 1927). ALJ McGuan also considered plaintiff's treatment for back pain and acknowledged that he had received physical therapy and pain medications but declined nerve block treatments and epidural injections. (Tr. 810-11 *referring to* 499, 569, 573, 577, 580). The ALJ

further observed that plaintiff's neurosurgeon found no surgical intervention to be warranted. (Tr. 810-11 *referring to* 499).

Contrary to plaintiff's argument, the ALJ did consider the medical opinion evidence, including the opinion from treating Nurse Practitioner (NP) Lyon indicating plaintiff was moderately limited with walking, standing and sitting, and very limited with lifting, carrying, pushing, pulling and bending. (Tr. 770). The ALJ found NP Lyon's opinion regarding plaintiff's ability to walk, stand, and sit to be consistent with and supported by the treatment records and plaintiff's wide-ranging activities of daily living. (Tr. 814). He found the assessed lifting and carrying restrictions were however inconsistent with the treatment records and plaintiff's reported daily activities. (Tr. 814-15). This finding is permissible under the regulations. *See* 20 C.F.R. § 416.927(c)(4) (Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion). This record is repeat with physical examinations showing a full range of motion and full motor strength in the upper extremities all of which are inconsistent with the above restrictions. (Tr. 473, 691, 698, 710, 714, 1242, 1256, 1263). The ALJ also gave partial weight to the opinion of consultative examiner Dr. Schwab, which indicated no physical limitations. (Tr. 813). The ALJ explained this opinion was supported by normal findings on exam but for partial squat and limited range of motion in the lumbar spine. (Tr. 813). ALJ McGuan notably declined to give Dr. Schwab's opinion greater evidentiary weight because it was performed early during the relevant period and there was subsequent evidence of limitations from back pain. (*Id*.). Considering the consistency of a medical opinion with the longitudinal record was reasonable and appropriate. *See* 20 C.F.R. § 416.927(c)(4).

Plaintiff's assertion that the ALJ relied on his lay judgment for a sit/stand option in the RFC because it imposes greater limits than opined by any medical opinion is also unavailing.

*McLeod v. Berryhill*, Case No. 1:17-CV-00262, 2018 WL 4327814, at *3 (W.D.N.Y. Sept. 11, 2018) (consultative examiner's opinion supported RFC finding, noting that "'the fact that the ALJ's RFC assessment did not perfectly match [an examining medical source]'s opinion, and was in fact more restrictive than that opinion, is not grounds for remand.'") (*quoting Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017)). Plaintiff argues that a sit stand option at will is a highly specific RFC determination but as persuasively argued by defendant, the limitation allows maximum flexibility for plaintiff to change position because plaintiff complained of difficulty with prolonged sitting and standing. (Dkt. No. 17 at 3). Indeed, as noted by the ALJ, plaintiff reported no difficulty sitting in his function report but he testified to increased pain while sitting for long periods. (Tr. 808). Plaintiff does not cite to records supporting greater limitations, only records of reported pain with prolonged standing or walking. (Dkt. No. 14 at 23). The jobs identified by the vocational expert at Step Five could be performed either seated or standing, so the argument that the RFC indicated the need to change position at least once per hour is also meritless.

Similarly, the mental RFC assessed by the ALJ is supported in part by medical opinion evidence. As discussed above, the ALJ gave great weight to the opinion of NP Lyon. On the mental portion, NP Lyon opined no limitations with understanding and remembering instructions, carrying out instructions, maintaining personal hygiene, maintaining appropriate behavior and interacting appropriately around others, and no more than moderate limitations with maintaining attention and concentration, and functioning in a work setting at a consistent pace. (Tr. 814-15). The ALJ determined this opinion was consistent with the largely benign mental status findings shown in the treatment record. (Tr. 815).

The ALJ also gave partial weight to the opinion of psychiatric consultative examiner Dr. Duffy. (Tr. 814). Dr. Duffy opined that plaintiff could follow and understand simple directions and instructions, perform simple tasks independently, maintain a regular schedule, learn new tasks and perform complex tasks independently, but might have some mild to moderate difficulties making appropriate decisions, maintaining attention and concentration, relating adequately to others, and dealing with stress. (*Id*.). ALJ McGuan explained Dr. Duffy's was supported by the generally normal exam findings with only mildly impaired attention, concentration and memory, but it was a one-time examination and treating notes indicated greater limitations with social functioning, concentration, and adaptation. (Tr. 814). Indeed, treatment notes revealed moderately impaired remote memory, poor frustration tolerance and limited insight and judgment. (Tr. 436-37, 450, 453, 456, 467, 479, 482- 83).

Further contradicting plaintiff's argument, the ALJ gave some weight to State agency psychological consultant Dr. Totin. (Tr. 815). *See Christina v. Colvin*, 594 F. App'x 32, 33 (2d Cir. 2015) ("State agency medical and psychological consultants…are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluations."). Dr. Totin opined plaintiff was moderately limited in interacting appropriately with the general public, accepting instructions or criticism from supervisors, and getting along with coworkers or peers, but capable of performing simple and complex tasks independently and maintaining attention and concentration for a meaningful portion of the workday. (Tr. 174-75, 177-78). Again, the ALJ clarified only some weight was warranted because Dr. Totin never examined plaintiff, but the opinion was consistent with the mostly benign mental status findings in the record. (Tr. 815).

ALJ McGuan did not solely rely on medical opinion evidence in formulating the mental portion of the RFC but properly supported it with other evidence of record. The ALJ referenced mental examination findings, such as a depressed mood, a cooperative attitude, ability to maintain focus, clear and coherent speech, no psychosis, no lethality, grossly intact cognitive functioning, and average intellectual functioning. ( Tr. 812, 815 *referring to* 436-37, 450, 453, 456, 466-67, 479, 482-83, 776, 778, 782, 1278, 1297, 1297-98, 1859-60, 2845-46). He noted that records from early in the relevant period revealed a greater severity of symptoms, while later records indicated medication was helpful in alleviating his symptoms. (Tr. 812). Apart from the medical records, the ALJ also considered plaintiff's daily activities, which included maintaining his personal hygiene and grooming, preparing simple meals, cleaning the bathroom and mowing the lawn, using public transportation, shopping, socializing with others regularly, and going to the library and the park. (Tr. 808 *referring to* Tr. 276-87).

Despite the plethora of opinions addressed by the ALJ, plaintiff singly asserts the ALJ erred in the weighing of NP-C Abbatessa's opinion. Although previously arguing broadly no treating source opinion was given controlling weight, plaintiff only raises a specific issue with the other source opinion by the nurse practitioner, which is not entitled to controlling weight because it is not an acceptable medical source. (Dkt. No. 14 at 26). NP-C Abbatessa opined plaintiff was severely limited, including plaintiff could not sit or stand for more than two hours at a time; ability to sit for a total of about two hours in an eight-hour workday; ability to stand/walk for a total of about two hours in an eight-hour workday; occasionally lift and/or carry 10 pounds; occasionally twist, stoop/bend; and rarely climb ladders or crouch. (Tr. 495). She also stated plaintiff would likely be absent four days per month. *Id*. Indeed, the ALJ assigned the opinion little weight after noting NP-C Abbatessa was an HIV specialist and only an other source under the regulations. (Tr.

813). See 20 C.F.R. § 416.927(f)(1). Plaintiff claims the ALJ did not provide sufficient analysis of the opinion but in addition to identifying NP-C Abbatessa's specialty, relationship, and credentials, ALJ McGuan included that the marked limitations did not correlate with the clinical physical examinations from Evergreen Health services or other providers, particularly as the HIV status was undetectable and plaintiff did not have any HIV symptoms. (Tr. 813). Thus, the ALJ appropriately considered the regulatory factors and explained the reasons for the weight given to the opinion.

Plaintiff's arguments are a disagreement with how the ALJ evaluated the evidence. While he may disagree with the ALJ's conclusions, the Court must defer to the Commissioner's resolution of conflicting evidence and reject the ALJ's findings only if a reasonable factfinder would have to conclude otherwise. *Morris v. Berryhill*, 721 F. App'x 25, 29 (2d Cir. 2018) (internal citations and quotations omitted). As discussed above, the ALJ properly considered the opinion evidence and formulated an RFC that was based on the record as a whole. As a result, the RFC determination is supported by substantial evidence. Accordingly, there is no basis for the Court to disturb the Commissioner's determination.

    **ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is

    **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is

    **GRANTED**.

Dated: January 27, 2023      *J. Gregory Wehrman*
Rochester, New York      HON. J. Gregory Wehrman
     United States Magistrate Judge